IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

CHRISTINE WORKS, Individually, )
and as Successor and Representative of )
Decedent LARRY WORKS, )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　)
vs. ) Case No. 11-03034-CV-S-ODS
　　　　　　　　　　　　　　　　　　　　)
NEWTON COUNTY, MISSOURI, et al., )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants. )

**ORDER AND OPINION
(1) DENYING STEPHENSON'S MOTION TO DISMISS (DOC. 10);
(2) GRANTING NEWTON COUNTY'S MOTION TO DISMISS (DOC. 8); AND
(3) DIRECTING THAT FURTHER BRIEFING BE SUBMITTED ON PLAINTIFF'S
REQUEST TO AMEND HER COMPLAINT**

　　　Christine Works on behalf of herself and her deceased husband, Larry Works, asserts federal constitutional claims against Newton County and three of its sheriff's officers: Stephen Cathers, Kevin Stephenson, and Dan Hollingshead. She also asserts negligence claims against the officers and a loss of consortium claim against all Defendants.[1]

　　　Ms. Works alleges that on July 29, 2006, Mr. Works was attempting to park his truck at a truck stop in Joplin, Missouri, when he encountered Cathers, who was sitting in a sheriff's car in the parking lot. Mr. Works made a "questioning, shrugging gesture" to see if Cathers was intending to leave his parking space; Cathers allegedly became enraged, exited his car, and eventually ordered Mr. Works out of his truck.

　　　The complaint recites that Mr. Works initially refused Cather's order, but he complied after additional officers arrived, his truck windows were broken, and he was shot with pepper spray and Taser darts. The officers continued to taze Mr. Works after he exited his vehicle and fell forward on the ground, even though he allegedly never

---

　　　[1] Ms. Works voluntarily dismissed her negligence claim against Newton County.

offered "active resistance" against them. Cathers also allegedly beat Mr. Works with his fists while Mr. Works lay incapacitated.

I.  DISCUSSION

Newton County and Officer Stephenson have filed motions to dismiss. To survive a motion to dismiss, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The claim for relief must be "'plausible on its face,'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted), meaning it must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id.*[2]

*Negligence*

Stephenson argues the negligence count against him should be dismissed because Ms. Works alleges only intentional conduct. The Court disagrees with this characterization. In addition to allegations of intentional conduct, Ms. Works has alleged facts which would allow the Court to reasonably infer liability for negligence.[3]

Stephenson counters that if the negligence claim is not dismissed, he is entitled to official immunity. Official immunity shields public officials from liability for negligently committing a discretionary act. *McCormack v. Douglas*, 328 S.W.3d 446, 449 (Mo. Ct. App. 2010). But if the act was done with malice, official immunity is lost. *Id.* at 450.

---

[2] Contrary to Ms. Works' argument, the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), was abrogated by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560-63 (2007).

[3] Stephenson's argument that Ms. Works is attempting to recover for "negligent use of excessive force" mischaracterizes her claim. Ms. Works' negligence allegations are not premised on Stephenson's alleged intentional acts.

2

Ms. Works has alleged sufficient facts for the Court to infer Stephenson acted maliciously.

*Failure to Train*

Ms. Works alleges Newton County is liable under 42 U.S.C. § 1983 for failing to train its officers on the prohibition of excessive force. "Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." *Connick v. Thompson*, No. 09–571, 2011 WL 1119022, at *6 (U.S. March 29, 2011). "The failure to provide proper training may fairly be said to represent a policy for which the [municipality] is responsible" if the municipality was deliberately indifferent to the need for more or different training. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989).

Ms. Works provides no allegations of deliberate indifference. She merely claims the failure to train "constituted a choice or policy" that led to the excessive force, and later alleges Newton County's "policies, patterns, practices, and/or customs were the moving force" of the damages. These bare assertions are conclusory, not entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1951 (holding that allegations of being subjected to harsh conditions of confinement "'as a matter of policy,'" solely for discriminatory reasons, were bare assertions not entitled to be assumed true). Newton County's motion to dismiss Count II is granted.

*Leave to Amend*

Ms. Works requests that she be permitted to amend her complaint to add allegations to her failure-to-train claim against Newton County. Ms. Works still would be alleging only a single incident of unconstitutional activity.[4] In *Oklahoma City v. Tuttle*,

---

[4] The fact that Ms. Works alleged "multiple officers" tazed her husband does not change this result. "[C]ontemporaneous or subsequent conduct cannot establish a pattern of violations that would provide 'notice to the cit[y] and the opportunity to

471 U.S. 808, 823-24 (1985), a plurality of the Supreme Court stated that "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy."

But in *City of Canton*, the Supreme Court "did not foreclose the possibility that evidence of a single violation of federal rights, accompanied by a showing that a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation, could trigger municipal liability." *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 409 (1997) (citation omitted).

> [I]t it may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.

*City of Canton*, 489 U.S. at 390. This is what Ms. Works must show to impose single-incident liability on Newton County.

Ms. Works' proposed allegations assert Newton County failed to train its officers in numerous ways regarding "widely known and accepted standards for the use of [T]asers" (*e.g.*, "[T]asers should not be used against persons not offering active resistance"). For the purpose of her request to amend, the Court accepts as true her allegation that Newton County failed to train its officers in these areas.[5] But Ms. Works cites no authority that the need for this specific training was "obvious" –indicating deliberate indifference – within the meaning of *City of Canton*.

The Court concludes more briefing is necessary. The parties' supplemental

---

conform to constitutional dictates . . . .'" *Thompson*, 2011 WL 1119022, at *8 n.7 (citation omitted).

[5] The Court reminds Ms. Works that she must have a reasonable basis for believing her allegations regarding Newton County's training policy likely will have evidentiary support. *See* Fed. R. Civ. P. 11(b)(3).

4

briefing should apply the Eighth Circuit's test for determining whether the need for training was "obvious," which asks "whether the employee violated a 'clear constitutional duty' and whether there were 'clear constitutional guideposts' for municipalities in the area." *Szabla v. City of Brooklyn Park, Minnesota*, 486 F.3d 385, 393 (8th Cir. 2007) (citation omitted). *Szabla* demonstrates the particularity of this inquiry; the Eighth Circuit held it was not clearly established in August 2000 that an officer in a certain situation give advance warning before commanding a canine to bite and hold a suspect. 486 F.3d at 393. The parties should discuss whether in July 2006 the Constitution clearly required the specific training Ms. Works maintains Newton County failed to provide.

## II. CONCLUSION

Newton County's motion to dismiss Count II is granted. Stephenson's motion to dismiss Count III is denied. Ms. Works she shall file her supplemental briefing – with her proposed amended complaint attached – on or before May 4, 2011. Newton County's response shall be filed on or before May 18, 2011.
IT IS SO ORDERED.

DATE: April 13, 2011

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT